JOSEPH W. PLYMPTON & another *vs.* JOHN F. ROBERTS & others.

A claim for rent of a house under a lease executed by several persons as joint lessees cannot be excepted from the operation of a certificate of discharge in insolvency, granted to a portion of them, on the ground that the rent was within the class of "necessaries."

CONTRACT brought to recover rent under a lease.

At the trial in the superior court, before *Lord*, J., it appeared that the house was leased to the three defendants, who were a father and his two sons, by the plaintiffs' testatrix, by a lease in which it was stipulated that the premises should be "used only as a dwelling-house for a private family." The two sons relied in defence upon a discharge in insolvency; and they were permitted to prove, against the plaintiffs' objection, that the father

kept the house and paid the bills, and they lived with him and paid him board, and that the family consisted of the father, his wife and daughter, four sons, including the two sons who were defendants, and a nephew, the latter of whom also paid board to the father. The judge ruled that, the contract being joint, and each defendant being bound for the whole debt, the rent was not, as against the two sons, a claim for necessaries, within the meaning of the statute, and directed the jury to find a verdict for the plaintiffs as against the father, and a verdict in favor of the two sons ; and reported the case for the determination of this court.

*R. D. Smith,* for the plaintiffs.

*G. S. Hillard,* for the defendants.

DEWEY, J. The discharge in insolvency is a good defence to the present action for two of the defendants. The contract here sought to be enforced was a joint contract of the three defendants, obligatory in its terms for the whole rent agreed to be paid, and the house leased was intended and used for others than the two sons. A contract of this character is not a contract for necessaries, within the provisions of Gen. Sts. *c.* 118, § 79. The case falls within the principles stated in *Drake* v. *Bailey,* 5 Allen, 210, and a verdict was properly ordered for these parties.

*Judgment on the verdict.*